```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division


BOARD OF TRUSTEES, SHEET METAL   )
WORKERS' NATIONAL PENSION FUND   )
                                 )
     Plaintiff,                  )
                                 )
           v.                    )    1:14cv1458(JCC/TCB)
                                 )
BOESER, INC., et al.,            )
                                 )
                                 )
     Defendants.                 )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Lawrence Boeser's ("Boeser") Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, to Transfer Venue [Dkt. 11] and Boeser, Inc.'s Motion to Transfer Venue [Dkt. 15]. For the following reasons, the Court will deny both motions.

### I. Background

The Board of Trustees, Sheet Metal Workers' National Pension Fund ("Plaintiff") brought this action against Boeser, Inc., a Minnesota corporation with its principal place of business in Minnesota (Compl. [Dkt. 1] ¶ 9]), and Boeser,[1] a Minnesota resident and president and sole shareholder of Boeser, Inc. (*Id.* ¶¶ 10-11), alleging violations of the Employment Retirement Income Security Act of 1974 ("ERISA") and Minnesota

---

[1] Boeser and Boeser, Inc. are referred to collectively as "Defendants."

1

state law.[2]  Specifically, Plaintiff alleges six counts in its complaint, all against Boeser unless otherwise noted: withdrawal liability, in violation of 29 U.S.C. § 1145, against Boeser, Inc. ("Count 1"); evading or avoiding withdrawal liability, in violation of 29 U.S.C. § 1392(c) ("Count 2"); shareholder liability for violation of the trust fund doctrine, subject to recovery under 29 U.S.C. § 1132(a)(3)(B) ("Count 3"); fraudulent transfer, under federal common law ("Count 4"); fraudulent transfer, in violation of Minnesota's Uniform Fraudulent Transfers Act ("Count 5"); and breach of fiduciary duty, in violation of Minnesota common law ("Count 6").  (*Id.* ¶¶ 29-74.)

Boeser moves to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the case to the District of Minnesota.  (Boeser's Mot. at 1.)  Boeser, Inc. moves to transfer venue to the District of Minnesota.  (Boeser, Inc.'s Mot. at 1.)  Having been fully briefed and argued, this motion is ripe for disposition.

---

[2] Defendants claim this case is related to a case filed by Plaintiff in this Court on February 12, 2014 seeking "withdrawal liability" as against Boeser Sheet Metal, Inc. and Boeser. (Boeser, Inc.'s Mem. in Supp. [Dkt. 16] at 1; Boeser's Mem. in Supp. [Dkt. 12] at 2.)  Boeser, Inc. was not a party to that action. (Boeser, Inc.'s Mem. in Supp. at 2.)  Plaintiff sued Boeser and Boeser Sheet Metal alleging that they were the alter egos of the then-bankrupt Boeser, Inc. and as such were jointly and severally liable for Boeser, Inc.'s withdrawal liability. (*Id.*)  On July 11, 2014, this Court granted the defense's motion to transfer venue to the District of Minnesota. (*Id.*)  About a month after transfer, the parties filed a joint stipulation of dismissal. (*Id.* at 3.)  On August 29, 2014 Judge Patrick J. Schiltz dismissed the action with prejudice and on the merits pursuant to the joint stipulation of dismissal. (*Id.; see also* Boeser, Inc.'s Mem. in Supp., Ex. 2.)

2

**II. Analysis**

**A. Boeser's Motion to Dismiss for Lack of Personal Jurisdiction**

When personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden "to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). Yet, where, as here, such a motion is decided without an evidentiary hearing, "plaintiff need prove only a *prima facie* case of personal jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). And, in deciding whether a plaintiff has proven a *prima facie* case, "the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.; Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir.1984), *cert. denied*, 474 U.S. 826 (1985).

To exercise personal jurisdiction over a non-resident defendant in a federal question case, a federal court must: (i) initially establish whether defendant is amenable to service of summons under an applicable statute or rule and (ii) determine if that service comports with the Fifth Amendment's due process principles. In other words, personal jurisdiction analysis in federal question cases calls for a two-step inquiry. The first

3

step is to determine whether a defendant is amendable to service under Federal Rule of Civil Procedure Rule 4(e). The second step requires a determination whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fifth Amendment. *Bd. of Trustees Sheet Metal Workers' Nat. Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044-45 (E.D. Va. 1997) (""[I]t is the Fifth Amendment, not the Fourteenth Amendment, that controls due process analysis in non-diversity, or federal question, cases.").

Federal Rule of Civil Procedure 4 governs service of summons in the federal courts. "Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by following state law . . . [.]" Fed. R. Civ. P. 4(e). Where service is authorized by federal statute, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant. Fed. R. Civ. P. 4(k)(1). ERISA contains a nationwide service of process provision that permits an enforcement action to be brought in federal court in a district "where the plan is administered" and process to be "served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e).

Furthermore, since ERISA authorizes nationwide service of process, the Fifth Amendment's "national contacts" theory is applicable here. *Strategic Outsourcing, Inc. v. Commerce*

4

*Benefits Grp. Agency, Inc.*, 54 F. Supp. 2d 566, 570 (W.D.N.C. 1999) (stating that ERISA's nationwide service of process has been interpreted for the purposes of personal jurisdiction as a "national contacts test"); *McD Metals*, 964 F. Supp. at 1045. The national contacts inquiry under the Fifth Amendment asks whether a defendant has sufficient aggregate contacts with the United States as a whole. *McD Metals*, 964 F. Supp. at 1044.[3] Courts have held that ERISA's nationwide service provision comports with the Fifth Amendment's due process guarantees. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("[Section] 1132(e) comports with the Constitution and provided the Eastern District of Virginia with personal jurisdiction over [defendants] even on the assumption that neither [defendant] has any 'contacts' with Virginia."); *see Weese v. Savicorp, Inc.*, No. 2:13-cv-41, 2013 WL 6007499 (N.D. W. Va. Nov. 13, 2013), at *3 (collecting Fourth Circuit cases applying national contacts test where a federal statute authorizes nationwide service of process).

---

[3] This is broader than the parallel clause in the Fourteenth Amendment, which asks whether a defendant has sufficient minimum contacts with a particular forum state. *McD Metals*, 964 F. Supp. at 1044. The difference between the national contacts and minimum contacts tests makes sense given the purposes served by the respective due process clauses of the Fifth and Fourteenth Amendments. *Id.* The Fourteenth Amendment addresses state sovereignty and federalism concerns not operative under the Fifth Amendment. *Id.* at 1044-45.

In this case, the Plan is administered at Plaintiff's principal place of business in Fairfax, Virginia. (Compl. ¶ 3.) Boeser is a citizen of Minnesota and was served there. (Boeser's Mem. in Supp. [Dkt. 12] at 5; see also [Dkt. 10].) As a Minnesota resident, Boeser has sufficient contacts with the United States to be subject to suit in this country. Accordingly, this Court has personal jurisdiction over Boeser under the national contacts theory. See *Denny's, Inc. v. Cake*, 364 F.3d 521, 524 (4th Cir. 2004) (stating a district court in South Carolina had personal jurisdiction over California defendant where plan was administered in South Carolina). Therefore, Boeser's motion to dismiss for lack of personal jurisdiction is denied.[4]

**B. Boeser and Boeser, Inc.'s Motions to Transfer Venue**

Defendants seek to transfer venue to the District of Minnesota. Motions to transfer are governed by 28 U.S.C. § 1404. The relevant portion of the statute instructs: "For the convenience of the parties and witnesses, in the interest of

---

[4] This Court has personal jurisdiction over Boeser for both the federal and state law claims asserted in the complaint by virtue of the pendent personal jurisdiction doctrine. The federal and state law claims arise from a common nucleus of operative fact and therefore this Court may adjudicate the state law claims as well. See *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F. 3d 617, 628 (4th Cir. 1997) ("When a federal statute authorizes a federal district court to exercise personal jurisdiction over a defendant beyond the borders of the district and the defendant is effectively brought before the court, we can find little reason not to authorize the court to adjudicate a state claim properly within the court's subject matter jurisdiction so long as the facts of the federal and state claims arise from a common nucleus of operative fact.").

6

justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There are two prerequisites to application of this statute. First, § 1404(a) only applies where venue is proper in the transferor forum. *Bd. of Trs. v. Sullivant Ave. Prop., LLC*, 508 F. Supp. 2d 473, 476 (E.D. Va. 2007). Second, the proposed transferee forum must be one where the suit might have been brought. *Id.* Both prerequisites are met here. Venue is proper in this Court because Plaintiff administers the fund here. 29 U.S.C. § 1132(e)(2). Venue would also be proper in the District of Minnesota, both because Defendants reside there and that is the place of the alleged breach. *Id.* The District of Minnesota has personal jurisdiction over the Defendants for the same reasons.

Thus, this Court must consider whether transfer is appropriate. In making such a determination, the Court must consider: (1) a plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice. *Sullivant Ave.*, 508 F. Supp. 2d at 476. Each factor will be addressed in turn.

### 1. Plaintiff's Choice of Venue

While Plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate, the amount of weight varies depending on the

significance of the contacts between the venue chosen by a plaintiff and the underlying cause of action. *Sullivant Ave.*, 508 F. Supp. 2d at 477; *see Bd. of Trs., Sheet Metal Workers' Nat'l Fund v. Baylor Heating and Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988). Naturally, the stronger the contacts between a plaintiff's chosen venue and the cause of action, the greater weight given to a plaintiff's choice of venue. *Sullivant Ave.*, 508 F. Supp. 2d at 477. However, in ERISA cases where a plaintiff brings suit in the district where the fund at issue is administered, a plaintiff's choice of forum is afforded greater weight than would typically be the case. *Id.; Baylor*, 702 F. Supp. at 1257 (citing legislative history that states a "special goal of ERISA" is to "provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants.").

    Plaintiff's choice of forum is the district in which the Plan is administered, but the actions giving rise to the complaint occurred in Minnesota. Thus, the nexus between this district and the cause of action is limited to the administrative functions carried on by Plaintiff in determining Defendants' liability with respect to the Plan. On the other

hand, the transferee forum is more closely connected with the cause of action. Thus, the weight of Plaintiff's choice of forum is diminished to an extent by lack of connections with Virginia, but simultaneously bolstered by Congressional policies favoring Plaintiff's choice of venue in ERISA matters. As this Court has previously held, Plaintiff's forum choice in such circumstances is significant, but "neither dispositive nor conclusive." *Sullivant Ave.*, 508 F. Supp. 2d at 477; *Baylor*, 702 F. Supp. at 1257.

### 2. Witness Convenience and Access

Witness convenience is often the most important factor in considering a potential § 1404(a) transfer, but its influence may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony. *Sullivant Ave.*, 508 F. Supp. 2d at 477. "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003); *see also Baylor Heating*, 702 F. Supp. at 1258 ("But the influence of this factor [witness convenience] cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony.")

Furthermore, transfer is inappropriate when the result merely serves to shift the balance of inconvenience from the defendant to the plaintiff. *Sullivant Ave.*, 508 F. Supp. 2d at 478 (citing *E. Scientific Mktg. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 180 (E.D. Va. 1988)).

Defendants anticipate calling the following witnesses at trial: the bankruptcy trustee, to testify concerning Boeser, Inc.'s bankruptcy proceedings in the District of Minnesota; Local Union 10 representatives, to testify concerning the union's proof of claim filed in the bankruptcy proceedings and its involvement in the former Boeser, Inc. employees' proofs of claims; and former Boeser, Inc. employees, to testify concerning their proofs of claims filed in those proceedings and the union's involvement therein. (Boeser Inc.'s Mem. in Supp. [Dkt. 16] at 11.) These witnesses "[are] of paramount importance to one of Boeser, Inc.'s anticipated defenses in this action – namely, that Plaintiff was on notice of the bankruptcy proceedings." (*Id.*) As Defendants note, these non-party witnesses are within the District of Minnesota who are outside of the range of this Court's compulsory process. *See* Fed. R. Civ. P. 45(b)(2)(B).

The Court finds that Defendants have failed to demonstrate why this testimony is necessary and non-cumulative. Additionally, Defendants also have not shown why live testimony

10

is required. "Where witness credibility is not an issue, the use of depositions is an acceptable means of lessening the importance of witness inconvenience as a factor in the transfer equation." *Baylor Heating*, 702 F. Supp. at 1258 n.17. Credibility does not appear to be an issue with the proposed witnesses. Beyond stating that live testimony is preferable, Defendants have not given any reason as to why deposition testimony would be insufficient at trial. *See Acterna LLC v. Adtech Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001) (noting that plaintiff did not sufficiently explain why *de bene esse* depositions of nonparty witnesses outside the subpoena power would be inadequate at trial). Therefore, the Court finds that convenience to witnesses weighs against transfer.

Should the live testimony of witnesses be necessary, however, Defendants have not demonstrated that these witnesses would be unwilling or unable to travel. *comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 688 (E.D. Va. 2013) (stating that in order to prevail on this factor, "the moving party must demonstrate whether that witness is willing to travel to a foreign jurisdiction"). "[M]erely stating potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process." *Id.* (citations and internal quotation marks omitted). Defendants have made no

11

showing that non-party witnesses would be unwilling or unable to travel to this district to testify. The fact that witnesses remain outside the subpoena power of this Court does not automatically weigh in favor of transfer, and Defendants have done nothing to convince this Court otherwise. Therefore, this factor weighs against transfer.

### 3. Convenience of the Parties

The parties' relative convenience is also a factor for this Court to consider. However, when a plaintiff files suit in its home forum, "convenience to parties rarely, if ever, operates to justify transfer." *Sullivant Ave.*, 508 F. Supp. 2d at 478 (quoting *Baylor*, 702 F. Supp. at 1259). In such cases, transfer would likely serve only to "shift the balance of inconvenience" from a defendant to a plaintiff. *Id.*

In this case, Defendants argue it will be "very burdensome" to litigate here, as it is over 1,100 miles from where Defendants and certain relevant files are located. (Boeser Inc.'s Mem. in Supp. at 12.) The bulk of evidence in this case will be documentary evidence, and the Court is not persuaded that it will be difficult to produce such evidence in Virginia. *See Quesenberry v. Volvo Grp. N. Am., Inc.*, No. 1:09cv22, 2009 WL 648658, at *8 (W.D. Va. Mar. 10, 2009) ("[I]n modern litigation, documentary evidence is readily reproduced and transported from one district to another."). Furthermore,

Plaintiff filed suit in its home forum and transfer would merely shift the burden of inconvenience to it. Therefore, this factor also weighs against transfer.

### 4. Interest of Justice

The interest of justice factors include such circumstances as the pendency of a related action, the Court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment. *Sullivant Ave.*, 508 F. Supp. 2d at 478 (citation omitted).

The interest of justice factor weighs against transfer here. First, Plaintiff has an interest in the uniform interpretation of ERISA and its Plan documents. *See id.* at 479. Because Plaintiff is based in this district and files the vast majority of its actions here, retention favors a consistent interpretation of the law. For the same reason, the Court must also reject Defendants' argument that transfer is appropriate because of the Minnesota state law claims.

Second, though Defendants claim that the parties' respective economic resources merit transfer, they "offer no convincing evidence suggesting that they would be financially incapable of defending suit in Virginia." *Id.* While Defendants' cost of litigation will be higher in Virginia as

13

opposed to Minnesota, Defendants have not sufficiently demonstrated that litigating here will be "an extreme financial burden." (Boeser Inc.'s Mem. in Supp. at 15.)  Therefore, the interest of justice favors retaining this litigation.

In sum, considering all of the relevant factors under § 1404, transfer is not warranted here.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' motions.  An appropriate order will issue.

|  | /s/ |
|---|---|
| January 28, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |